**DISMISS; and Opinion Filed October 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01179-CV

### IN RE MICHAEL C. WADE, Relator

**Original Proceeding from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 046500**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus requesting that the court order the Grayson County district clerk to file his petition for expunction of a charge on which he contends he was found not guilty.[1] The Court's power to issue a writ of mandamus is limited is set forth in section 22.221 of the Texas Government Code. Because the Grayson County district clerk is not a judge, we may issue a writ of mandamus to compel action by the district clerk only to the extent necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004) (writ power). The failure of the district clerk to file the petition for expunction does not

---

[1] The charge the relator wishes expunged apparently arose from an offense allegedly committed in Grayson county. The mandamus record suggests that the indictment was filed in the 336th Judicial District Court, which at the time relator was indicted had jurisdiction over proceedings arising from both Fannin and Grayson counties. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 24.482, 1985 Tex. Gen. Laws 1720, 1784, *amended by* Act of May 28, 2007, 80th Leg., R.S., ch. 1342 § 1, sec. 24.482, 2007 Tex. Gen. Laws, 4563, 4563–64 (current version at TEX. GOV'T CODE ANN. § 24.482). In 2007, the legislature limited the jurisdiction of the 336th Judicial District to Fannin County. *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1342 § 1(e), sec. 24.482, 2007 Tex. Gen. Laws, 4563, 4563–64 (current version at TEX. GOV'T CODE ANN. § 24.482). In the same act, the legislature also created the 397th Judicial District with jurisdiction over Grayson County. Act of May 28, 2007, 80th Leg., R.S., ch. 1342 § 1(a), sec. 24.542, 2007 Tex. Gen. Laws, 4563, 4563 (current version at TEX. GOV'T CODE ANN. § 24.542). The legislation creating the 397th Judicial District and changing the territorial limits of the 336th Judicial District directed that cases from Grayson County that were pending in the 336th on January 1, 2010 be transferred to the 397th district court and allowed the transfer of any cases from Grayson County pending on or after September 15, 2008 to the 397th. Act of May 28, 2007, 80th Leg., R.S., ch. 1342 § 1(h), sec. 24.482, 2007 Tex. Gen. Laws, 4563, 4563–64.

implicate our jurisdiction over any pending appeal. *In re Rigsby*, No. 12-09-00229-CV, 2009 WL 2767291, at *1 (Tex. App.—Tyler Sept. 2, 2009, orig. proceeding); *In re Wright*, No. 14-07-01057-CV, 2008 WL 123904, at *1 (Tex. App.—Houston [14th Dist.] Jan. 15, 2008, orig. proceeding); *In re Hopkins*, No. 01-06-00231-CV, 2006 WL 1275081, at *1 (Tex. App.—Houston [1st Dist.] May 11, 2006, orig. proceeding). Accordingly, we lack jurisdiction over the petition for writ of mandamus.

We dismiss the petition for want of jurisdiction.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


151179F.P05